NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 31 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CINDY M. ESTRADA, | No. 19-35734 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05362-RSM |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted February 2, 2021**
Seattle, Washington

Before: GRABER, McKEOWN, and PAEZ, Circuit Judges.

Cindy Estrada appeals the district court's affirmance of the Social Security

Commissioner's denial of her application for disability insurance benefits and

supplemental security income under Titles II and XVI of the Social Security Act.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The parties are familiar with the facts, so we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the denial of benefits and remand for reconsideration in light of *Revels v. Berryhill*, 874 F.3d 648 (9th Cir. 2017).

The ALJ concluded that Estrada's "statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." The ALJ noted that the record "lacks significant findings to support [Estrada's] extreme allegations," "support for her neck and hand complaints is elusive," examinations are within "normal limits," neck pain patterns do not correlate with MRI findings, and "diagnostic imaging of the hips and hands were repeatedly negative," among other statements. Estrada argues that the ALJ improperly discounted her testimony because the lack of objective findings is consistent with her fibromyalgia—a diagnosis that the ALJ recognized as a severe impairment adequately supported by medical evidence at step two.

The ALJ did not have the benefit of our decision in *Revels*, which was issued two months after the ALJ's decision. In *Revels*, we concluded that the ALJ erred in rejecting a claimant's testimony where the ALJ stated that the testimony was "undercut by the lack of 'objective findings' supporting her claims of severe pain" because examinations showing mostly normal results "are perfectly consistent with

debilitating fibromyalgia." 874 F.3d at 666. We noted that the ALJ's error "arose from an apparent fundamental misunderstanding of fibromyalgia," *id.* at 662, and emphasized that fibromyalgia "is diagnosed entirely on the basis of patients' reports of pain and other symptoms, and there are no laboratory tests to confirm the diagnosis," *id.* at 666 (quotations omitted). Here, in assessing the credibility of Estrada's symptoms testimony, the ALJ appears to have similarly failed to construe the medical evidence "in light of fibromyalgia's unique symptoms and diagnostic methods." *Id.* at 662. For this reason, we remand.

On remand, the ALJ should address how the fibromyalgia diagnosis weighs on his evaluation of the medical evidence for purposes of assessing the credibility of Estrada's symptoms testimony, *id.* at 666, explain why he deemed Estrada's treatment "conservative" for fibromyalgia, *id.* at 667, and address how evidence that Estrada at times denied pain comports with the recognition that "the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" Social Security Ruling, SSR 12-2p (Jul. 25, 2012); *see also Revels*, 874 F.3d at 663. Because we remand for consideration of *Revels*, we do not reach Estrada's other challenges to the ALJ's decision.

**VACATED and REMANDED.**

Each party shall pay its own costs on appeal.

3